IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-22330-CIV-MOORE/SIMONTON

SABRA INTERNATIONAL, INC.,
a Florida corporation,

      Plaintiff,

vs.

WELLS FARGO BANK, N.A.,
a California corporation,

      Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (dkt # 4).

UPON CONSIDERATION of the Motion, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I.     BACKGROUND

This case involves a company who claims that its bank acted improperly by permitting a company employee to make unauthorized wire transfers from the company's bank account.[1] Plaintiff Sabra International, Inc. ("Sabra") is a company that specializes in the importation of timber products from South America. Sabra opened a bank account at Wachovia Bank, which is now a wholly owned subsidiary of Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). The account is governed by a Deposit Agreement and Disclosure for Commercal Accounts ("Account Agreement"). Account Agreement (ECF No. 1-2 at 54-80). The Account Agreement establishes terms and

---

[1] The facts here are taken from the Amended Complaint (ECF No. 1-2 at 43-52) unless otherwise indicated.

conditions for wire transfers, and provides, in relevant part:

> AUTHORIZATION AND SECURITY PROCEDURE. We have established operating rules and security procedures for you to initiate and receive funds transfers to or from your account(s), which rules and procedures include a requirement for you to sign a "Funds Transfer Schedule A - Authorization and Security Procedures," or such other document as we may require, the terms of which are incorporated by reference and made part of the Agreement. Such Funds Transfer and Authorization Schedule contains the rules and procedures ("Security Procedures") which you and we will use to process payment orders initiated by you. Additional call back procedures may be utilized by you as described in the Security Procedures. You agree that the Security Procedures are commercially reasonable in light of your circumstances and the type, value and frequency of the payment orders you will request.

Account Agreement, § II(1).[2] The Funds Transfer Schedule A - Authorization and Security Procedures ("Funds Transfer Schedule A") established a "double-payer" system, which required two signatures to send a wire: (1) the signature of Aline Ellis ("Ellis"), one of Sabra's principals, and (2) another authorized Sabra employee.

In October of 2006, Sergio Lazaro Hernandez ("Hernandez") began working for Sabra as controller. Hernandez was designated as one of the individuals who, in conjunction with Ellis, was authorized to sign for a wire. On December 5, 2007, Hernandez forged Ellis' signature on a document entitled Single User Control Security Waiver ("Single User Waiver"). Single User Waiver (ECF No. 1-2 at 80). The Single User Waiver replaced the "double-payer" system by requiring only the signature of a single authorized individual to send a wire. The Single User Waiver "requires that the waiver be witnessed by an officer of the company other than the individual executing the Single User Waiver." Am. Compl. ¶ 5. The Single User Waiver that Hernandez forged did not include the

---

[2] The Funds Transfer Schedule A - Authorization and Security Procedures ("Funds Transfer Schedule A") was not included in the Amended Complaint because it is not in Sabra's possession.

signature of any witness.

Once Hernandez had unilateral authority to execute wire transfers on behalf of Sabra, he began wiring money from Sabra's account at Wells Fargo to accounts he controlled. On January 10, 2008, he sent a $100,000 wire to an account he controlled at AmSouth Bank. On February 14, 2008, he sent a $200,000 wire to an account he controlled at Regions Bank. On September 23, 2008, he withdrew $30,000 using an automated debit transaction. On May 8, 2009, he sent a $298,755 wire to an account he controlled at Bank of America. Hernandez resigned from employment with Sabra and his last day of work was August 7, 2009. Shortly after his employment ended, Sabra discovered the withdrawals he had made from its Wells Fargo account. Hernandez refused to provide an explanation for the transactions. Sabra notified Wells Fargo about the disputed transfers and requested that the transfers be reversed. Wells Fargo declined to reverse them.

On May 7, 2010, Sabra filed a Complaint against Wells Fargo in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Compl. (ECF No. 1-2 at 5-14). Sabra filed an Amended Complaint on June 18, 2010. Am. Compl. (ECF No. 1-2 at 43-52), alleging breach of contract (Count I); violation of § 674.406, Florida Statutes (Count II); negligence (Count III); and conversion (Count IV).

## II.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'shown'--'that the pleader is entitled to relief.'" Id. at 1950. A complaint must also contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 355 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III. ANALYSIS

#### A. Breach of Contract

Wells Fargo argues that Sabra's breach of contract claim should be dismissed because Sabra has not identified a contractual provision that Wells Fargo breached. Under Florida law, the elements of breach of contract claim are: "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." Textron Fin. Corp. v. Lentine Marine, Inc., 630 F. Supp. 2d 1352, 1356 (S.D. Fla. 2009) (quoting Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. 2d DCA 2006)). Sabra and Wells Fargo are parties to the Account Agreement. Sabra has alleged that pursuant to the Account Agreement, it signed the Funds Transfer Schedule A, which is incorporated into the Account Agreement by reference, and contains the security procedures that Wells Fargo

would utilize when carrying out fund transfers for Sabra. Sabra further alleges that Wells Fargo deviated from these security procedures by permitting Hernandez to change from a "double-user" system to a "single-user" system using the Single User Waiver, in contravention of the Funds Transfer Schedule A and the terms of the Single User Waiver. Given that the Funds Transfer Schedule A is incorporated by reference into the Account Agreement, Sabra has adequately alleged that Wells Fargo violated § II(1) of the Account Agreement and the Funds Transfer Schedule A by failing to comply with the security procedures established therein, and that Sabra incurred damages because of the breach. Therefore, Sabra has adequately alleged a breach of contract claim.

B.   Violation of § 674.406, Florida Statutes

Wells Fargo argues that Sabra's claim under § 674.406, Florida Statutes, should be dismissed because this statute does not create a private right of action. Section 674.406, entitled "Customer's duty to discover and report unauthorized signature or alteration," establishes notice requirements imposed on bank customers that require the customer to discover and report an unauthorized signature. Gerber v. City Nat'l Bank of Fla., 619 So. 2d 328, 329 (Fla. 3d DCA 1993). Failure to comply with these notice requirements may preclude the customer from asserting that the bank is liable. Id. Section 674.406 may be relevant to Sabra's claims, inasmuch as Sabra may be required to have complied with this section's notice requirements. This section does not, however, in and of itself create a private right of action whereby Sabra may bring a claim specifically pursuant to this section. Therefore, Sabra's claim for a violation of § 674.406 is dismissed.

C.   Negligence

Wells Fargo contends that Sabra's negligence claim must be dismissed because it is barred by the economic loss rule. Although § 674.406 does not create a private right of action, it does create a

duty for a bank to exercise ordinary care under certain circumstances. § 674.406(5), Fla. Stat. Even where a customer fails to meet § 674.406's notice requirements, § 674.406(5) may still impose liability on a bank where the bank failed to exercise ordinary care in paying an item andsuch failure substantially contributed to the loss. Id. A bank's breach of its duties under § 674.406 may give rise to a negligence claim. 533 Harbor Court, LLC v. Colonial Bancgroup, Inc., No. 08-80824, 2009 WL 455434, at *1 (S.D. Fla. Feb 23, 2009); Bank of Am., N.A. v. Putnal Seed & Grain, Inc., 965 So. 2d 300 (Fla. 1st DCA 2007); Ishii v. Welty, No. 94-1158-CIV-J-21-A, 1998 WL 1064846, at *3 (M.D. Fla. Sept. 30, 1998).

Sabra claims that Wells Fargo breached its duty of ordinary care because it failed to "prevent the unauthorized transfer of funds from Sabra's account" by permitting Hernandez to send the disputed wires "without authorization, and in direct contravention of Wells Fargo's security policies and procedures." Am. Compl. ¶¶ 40-41. According to the Amended Complaint, this failure to exercise ordinary care occurred when Wells Fargo allowed Hernandez to change Sabra's account from a "double-payer" to a "single-payer" system using Ellis' forged signature and without requiring a proper witness.

Having established the factual basis for Sabra's negligence claim, the question is whether this claim is barred by the economic loss rule. "The economic loss rule bars a tort action where a defendant has not committed a breach of duty apart from a breach of contract . . . absent personal injury or property damage." Ben-Yishay v. Mastercraft Dev., LLC, 553 F. Supp. 2d 1360, 1370 (S.D. Fla. 2008). The economic loss rule does not bar a tort claim raised alongside a breach of contract claim where the acts on which the tort claim is based are independent of the acts underlying the breach of contract claim. HTP Limited v. Lineas Aereas Costarrincenses, 685 So. 2d 1238, 1239

(Fla. 1996). Here, Sabra alleges that Wells Fargo breached the Account Agreement and the Funds Transfer Schedule A by allowing Hernandez to change Sabra's account from a "double-payer" to a "single-payer" system using Ellis' forged signature and without requiring a proper witness. This is identical to the acts upon which the tort claim is based. Therefore, Sabra's negligence claim is barred by the economic loss rule and must be dismissed.[3]

D. Conversion

Wells Fargo contends that Sabra's conversion claim must be dismissed because Sabra has failed to adequately plead a conversion claim. Under Florida law, "'[c]onversion is defined as an act of dominion wrongfully asserted over, and inconsistent with, another's possessory rights in personal property.'" Wright v. Emory, 41 So. 3d 290, 292 (Fla. 4th DCA 2010) (quoting Joseph v. Chanin, 940 So. 2d 483, 486 (Fla. 4th DCA 2006)) (internal quotation marks omitted). Money is the proper subject of a conversion claim where it exists as "a specific fund capable of separate identification." County of Monroe, Fla. v. Priceline.com, Inc., No. 09-10004, 2009 WL 4890664, at *5 (S.D. Fla. Dec. 17, 2009) (quoting Bankest Imports, Inc. ISCA Corp., 717 F. Supp. 1537, 1542 (S.D. Fla. 1989)). Here, Sabra has not alleged that Wells Fargo wrongfully asserted dominion over Sabra's

---

[3] In Sabra's Response to Wells Fargo's Motion for Summary Judgment (ECF No. 11 at 8 n.5) Sabra seeks leave to amend the Amended Complaint if no private right of action is found under § 674.406. The amendment would include an additional negligence claim "based on breach of the duties imposed" by § 674.406. Under this section, a bank that "makes available to a customer a statement of account showing payment of items for the account shall either return or make available to the customer the items paid or provide information in the statement of account sufficient to allow the customer reasonably to identify the items paid." § 674.406(1), Fla. Stat. Sabra does not allege that Wells Fargo failed to comply with this obligation. Under § 674.406(5) a customer who has not complied with the notice requirements may still have some recourse against a bank if the bank "failed to exercise ordinary care in paying the item and that failure substantially contributed to the loss." § 674.406(5), Fla. Stat. As stated in section III(C) of this Order, such a claim is barred by the economic loss rule.

property, or that the funds in questions are separately identifiable.[4] Therefore, Sabra's conversion claim is dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (dkt # 4) is GRANTED IN PART, in accordance with the terms of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 30st day of September, 2010.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record

---

[4] Sabra did not respond to Wells Fargo's argument that the conversion claim should be dismissed.